UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

HOWARD COHAN,

    Plaintiff,

vs.                                          INJUNCTIVE RELIEF SOUGHT

SAKS & COMPANY LLC,
a Foreign Limited Liability Company,
d/b/a SAKS FIFTH AVENUE

    Defendant(s).
_____/

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues SAKS & COMPANY LLC, a Foreign Limited Liability Company, d/b/a SAKS FIFTH AVENUE ("Defendant"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

### JURISDICTION AND VENUE

1.     This is a complaint for breach of contract and injunctive relief seeking enforcement of the Settlement Agreement (copy attached as Exhibit A) reached in the case of HOWARD COHAN v. SAKS & COMPANY LLC, Case No. 9:15-cv-81051-WJZ (S.D. Fla.) (dismissed by order upon settlement), which arose out of Plaintiff's claim of discrimination caused by certain barriers encountered by Plaintiff on Defendant's properties that prevented Plaintiff from the full

and equal enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act.

2. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendants' violations of Title III of the ADA. *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

3. Venue is proper in this Court, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(B) and Internal Operating Procedures for the United States District Court for the Southern District of Florida in that all events giving rise to the lawsuit occurred in Palm Beach County, Florida.

## PARTIES

4. Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

5. Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Real Properties, which are subject to this suit, located at the following addresses: 3109 PGA Boulevard, Palm Beach Gardens, Florida 33410 ("Palm Beach Gardens Store"); 9700 Collins Avenue, Bal Harbour, Florida 33154 ("Bal Harbour Store"); and 5800 Glades Road, Boca Raton, Florida 33431 ("Boca Raton Store" and collectively "Premises"), and is the owner of the improvements where Premises are located.

6. Defendant is authorized to conduct, and is in fact conducting, business within the state of Florida.

7. Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical

spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As such, Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq*.

8. Plaintiff visited Defendant's Premises on the following dates:

   a. Palm Beach Gardens Store – July 23, 2015

   b. Boca Raton Store – June 22, 2015

   c. Bal Harbour Store – June 15, 2015

9. At the time of Plaintiff's visits to the Premises, Plaintiff required the use of fully accessible restrooms. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

10. Defendant's Premises constitute a public accommodation as defined by Title III of the ADA and, as such, are governed by the ADA.

11. On or about July 28, 2015, Plaintiff filed a lawsuit against Defendant seeking to force Defendant to comply with the ADA and applicable regulations thereto. *See* HOWARD COHAN v. SAKS & COMPANY LLC, Case No. 9:15-cv-81051-WJZ (S.D. Fla.).

12. On or about October 13, 2015, the parties entered into a Settlement Agreement (Exhibit A).

13. Thereafter, on October 15, 2015, Plaintiff's suit was dismissed upon notice to the U.S. District Court that the parties had settled.

14. The Settlement Agreement required Defendant to complete all modifications, and provide notice of same to Plaintiff, by October 30, 2016.

15. Defendant has failed to complete the required modifications to the Premises as required by the ADA and the Settlement Agreement, and Defendant has failed to give notice of any reasons or documentation for non-compliance.

16. Plaintiff provided notice of continuing violations at the Premises on October 20, 2017 pursuant to subsequent visits. Defendant failed to correct the violations or give any reasons or documentation for non-compliance.

17. Plaintiff again personally visited Defendant's Premises on the following dates (and prior to instituting this action):

    a. Palm Beach Gardens Store – May 23, 2017; September 14, 2018; and December 10, 2018;

    b. Boca Raton Store – May 13, 2017; April 5, 2018; September 20, 2018; and December 27, 2018;

    c. Bal Harbour Store – June 4, 2017; November 1, 2017; December 6, 2018; and, December 20, 2018

18. Plaintiff again required the use of fully accessible restrooms. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though was "bona fide patron".

19. As a result of the inaction to correct the violations or give any reasons or documentation for non-compliance following the notice sent on October 20, 2017, Plaintiff filed a lawsuit on January 17, 2020 against Defendant seeking to force Defendant to comply with the

Settlement Agreement and the ADA and applicable regulations thereto. *See* HOWARD COHAN v. SAKS & COMPANY LLC, Case No. 9:20-cv-80055-AHS (S.D. Fla.).

20. While the suit required dismissal because of a later discovered third-party action requiring notice to the subject properties, the Complaint itself served as Notice of continuing and new ADA violations at the Premises.

21. Plaintiff again personally visited Defendant's Premises on the following dates (and prior to instituting this action):

   a. Palm Beach Gardens Store – December 9, 2020

   b. Boca Raton Store – December 17, 2020 and December 29, 2020

   c. Bal Harbour Store – February 11, 2021 and June 3, 2021

22. Plaintiff again required the use of fully accessible restrooms. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though was "bona fide patron".

23. Plaintiff, in his individual capacity, has shown that he will absolutely return to the Premises and avail himself of the services offered when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

24. Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

25. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

26. Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

27. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

28.     Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendant modifies the Premises or modify the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

29.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 28 above as if fully stated herein.

30.     On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

31.     Congress found, among other things, that:

   a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

7

    d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3),(5) and (9).

32. Congress explicitly stated that the purpose of the ADA was to:

    a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

    b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

33. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premises are places of public accommodation covered by the ADA by the fact they provide services to the general public and must be in compliance therewith.

34. Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

36. Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

37. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

38. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

## PALM BEACH GARDENS STORE

### First Floor Men's Restroom[1]

a. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

b. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

### Second Floor Restroom[2]

---

[1] During Plaintiff's visit to the Palm Beach Gardens Store on December 9, 2020, Plaintiff additionally encountered the following barriers in the First Floor Men's Restroom:
   a. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.
   b. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)

These barriers were not included in the notice sent to Defendant on October 20, 2017 or in the prior Complaint filed on January 17, 2020.

[2] During Plaintiff's visit to the Palm Beach Gardens Store on December 9, 2020, Plaintiff additionally encountered the following barriers in the Second Floor Restroom:
   a. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1. (trash can)
   b. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)
   c. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (stall door handle)

These barriers were not included in the notice sent to Defendant on October 20, 2017 or in the prior Complaint filed on January 17, 2020.

   c. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

   d. Providing sinks and/or countertops that are greater than the 34 inch maximum allowed above the finished floor or ground in violation of 2010 ADAAG §§606 and 606.3.

   e. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

   f. Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4.

   g. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

**BOCA RATON STORE**

   **Men's Restroom First Floor GENERAL[3]**

   a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

---

[3] During Plaintiff's visits to the Boca Raton Store on December 17, 2020 and December 29, 2020, Plaintiff additionally encountered the following barriers in the Men's Restroom First Floor General:
   a. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.  (trash can)

These barriers were not included in the notice sent to Defendant on October 20, 2017 or in the prior Complaint filed on January 17, 2020.

b. Failure to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§ 605 and 605.2.

c. Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

**Men's Restroom First Floor ACCESSIBLE STALL**

d. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

e. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2. (rear and side)

**BAL HARBOUR STORE** [4]

---

[4] During Plaintiff's visits to the Bal Harbour Store on February 11, 2021 and June 3, 2021, Plaintiff additionally encountered the following barriers in the Men's Restroom Third Floor General:
    a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.
    b. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.
Men's Restroom Third Floor ACCESSIBLE STALL
    c. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.
    d. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.
These barriers were not included in the notice sent to Defendant on October 20, 2017 or in the prior Complaint filed on January 17, 2020.

**Men's Restroom Second Floor (formerly Family Restroom)[5]**

a. Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

b. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

c. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.

d. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.

e. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

---

[5] During Plaintiff's visits to the Bal Harbour Store on February 11, 2021 and June 3, 2021, Plaintiff additionally encountered the following barriers in the Men's Restroom Second Floor (formerly Family Restroom):
    a. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

These barriers were not included in the notice sent to Defendant on October 20, 2017 or in the prior Complaint filed on January 17, 2020.

    f.   Failure to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1, 306.2, 306.2.1, 606 and 606.2.

    g.   Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

39.    To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 38 herein.

40.    Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

41.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

42.    As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

43.    To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that they are readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

44. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. § 12205.

45. All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

46. In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 34 herein can be applied to the 1991 ADAAG standards.

47. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declares that Premises owned, operated and/or controlled by Defendant are in violation of the ADA;

2. That this Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to Premises;

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

5. That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
## BREACH OF CONTRACT

48. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 28 above as if fully stated herein.

49. On or about October 13, 2015, Plaintiff and Defendant entered into a Settlement Agreement. [Exhibit A] Through this settlement agreement, Defendants agreed to make modifications to Defendant's Premises as outlined in the agreement. The Settlement Agreement required Defendant to complete all modifications, and provide notice of same to Plaintiff, by October 30, 2016.

50. Plaintiff subsequently provided Defendant Notice of continuing and new violations on October 20, 2017.

51. Plaintiff filed a Breach of Contract action following the October 2017 Notice in January 2020. *See* HOWARD COHAN v. SAKS & COMPANY LLC, Case No. 9:20-cv-80055-AHS (S.D. Fla.). At that time, Plaintiff was notified by Defendant's counsel that, pursuant to an agreement created in relation to another lawsuit, Plaintiff was barred from filing suit against Defendant for a one-year period that expired in October 2020. Plaintiff dismissed its suit against Defendant; however, even with the additional notice of the filing of the January 2020 Complaint, Defendant failed to address the continuing violations of the 2015 Settlement Agreement.

52. Plaintiff has performed all conditions precedent to be performed by him under the Agreement.

53. Since October 30, 2016, Defendant has failed to complete the modifications promised in the settlement agreement. Specifically, Defendant has breached the Contract as follows by failing to perform the following modifications as noted in the following relevant portions of Section 6 of the Agreement titled Accessibility Enhancement:

**6.2. Palm Beach Gardens Store**

**6.2.a. First Floor Men's Restroom of Palm Beach Gardens Store**

Saks shall make the following Accessibility Enhancements in the first floor men's restroom of the Palm Beach Gardens Store:

1. In connection with the door to the restroom:

   a Rework the maneuvering clearance on the inside of the restroom or install a power assisted door opener in compliance with ADAAG §§ 404.2.4.1, 404.3.2.

   b. Provide an opening force not to exceed 5 lbs. of pressure in compliance with ADAAG § 404.2.9.

2. In connection with the accessible toilet stall:

   d. Insulate the sink bottom supply, drain pipes and valves in compliance with ADAAG § 606.5.

**6.2.b. Second Floor Men's Restroom of Palm Beach Gardens Store**

Saks shall make the following Accessibility Enhancements in the second floor men's restroom of the Palm Beach Gardens Store:

1. In connection with the door to the restroom, provide an opening force not to exceed 5 lbs. of pressure in compliance with ADAAG § 404.2.9.

2. In connection with the accessible toilet stall:

    d. Insulate the sink bottom supply, drain pipes and valves in compliance with ADAAG § 606.5.

### 6.3. Boca Raton Store

#### 6.3.a. First Floor Men's Restroom of Boca Raton Store

Saks shall make the following Accessibility Enhancements in the first floor men's restroom of the Boca Raton Store:

1. In connection with the outside of the restroom, provide signage in compliance with ADAAG § 703.4.1.

2. In connection with the accessible toilet stall:

    a. Relocate the grab bars in compliance with ADAAG § 604.5.

    b. Insulate the sink bottom supply, drain pipes and valves in compliance with ADAAG § 606.5.

3. In connection with the accessible urinal, relocate height in compliance with ADAAG § 605.2.

### 6.4. Bal Harbour Store

#### 6.4.b. Second Floor Family Restroom of Bal Harbour Store

Saks shall make the following Accessibility Enhancements in the second floor family restroom of the Bal Harbor Store:

1. In connection with the outside of the restroom, provide signage in compliance with ADAAG § 703.4.1.

2. In connection with the accessible toilet:

  b. Relocate the toilet seat cover dispenser within the prescribed reach ranges in compliance with ADAAG § 308.2.

  c. Reconfigure the sink apron in compliance with ADAAG §§ 306.2, 606.2.

54.  To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 53 herein.

55.  Plaintiff has been damaged by the Defendant's breach of the settlement agreement. Specifically, Plaintiff has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

 WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declares that Defendant has failed to comply with the Settlement Agreement;

2. That this Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff and as provided in the Settlement Agreement; and,

4. That this Court award such other and further relief as it may deem necessary, just and proper.

 Dated October 8, 2021.

        **Sconzo Law Office, P.A.**
        3825 PGA Boulevard, Suite 207
        Palm Beach Gardens, FL 33410
        Telephone: (561) 729-0940

Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com